UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| THAKORJI, INC., | : | CASE NO. 18-70018 - SMS |
| | : | |
| DEBTOR. | : | |

**MOTION FOR AN ORDER DIRECTING
THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

COMES NOW Nancy J. Gargula, United States Trustee for Region 21 (the "United States Trustee"), in furtherance of the administrative responsibilities imposed by 28 U.S.C. § 586(a), and pursuant to 11 U.S.C. §§ 1104(a), and respectfully moves this Court for the entry of an order directing the appointment of a chapter 11 trustee in the above-captioned case to manage the debtor's affairs.  In support thereof, the United States Trustee represents as follows:

**Procedural and Factual History**

1. Thakorji, Inc. (the "Debtor") commenced this case by filing a voluntary petition for relief for non-individuals under chapter 11 of the Bankruptcy Code on November 30, 2018 (the "Petition Date").

2. No trustee has been appointed in the case, and Debtor has remained in control of the assets and business operations of the bankruptcy estate as debtor in possession.

3. Debtor was formed September 1, 2000, with Dhansukh T. Patel serving as Chief Executive Officer and registered agent.

4. According to Debtor's annual registrations filed with the Georgia Secretary of State, Debtor's officers on the Petition Date and throughout the bankruptcy case have been Dhansukh T. Patel (CEO), Naresh Patel (Secretary), and Urmila Patel (CFO).

5. On February 19, 2020, Ward Council, as Attorney in Fact of Debtor, filed Debtor's annual registration with the Georgia Secretary of State and identified Wesley Dowdy as CEO of Debtor, Cary Ichter as Secretary of Debtor, and Urmila Patel as CFO of Debtor.

6. Wesley Dowdy signed the bankruptcy petition as Managing Agent of the Debtor.

7. On February 22, 2021, Debtor filed a *Complaint to Require Turnover of Property of the Estate, for Injunctive Relief, and for Damages* (the "Complaint").

8. In the Complaint, Debtor alleged, *inter alia*:

    a) On the Petition Date, Wesley Dowdy ("Mr. Dowdy") was the approved Managing Agent for the Chapter 11 case.

    b) During his management, Mr. Dowdy utilized employees of Duke Hospitality, LLC ("Duke") to provide services to Debtor, including payroll, processing of insurance claims, and preparation of monthly operating reports.

    c) Mr. Dowdy resigned as Managing Agent of the Debtor on May 31, 2020.

    d) Dhansukh Patel ("Mr. Patel") resumed all responsibilities of managing the Debtor effective June 1, 2020, and discontinued the use of Duke employees.

    e) Mr. Patel reviewed the financial records provided by Mr. Dowdy and Duke and "was unable to reconcile certain payments made by Wesley Dowdy and Duke Hospitality with expenses of the Debtor, could not account for insurance proceeds received by the Debtor, and [questioned] the validity of certain payments to Duke Hospitality . . . ."

    f) Debtor engaged the law firm of Schreeder, Wheeler, and Flint, LLP to investigate and, if appropriate, recover sums from Duke or others.

    g) Duke, through Mr. Dowdy, declined to participate in a 2004 examination scheduled to take place on February 19, 2021.

  h)  On February 19, 2021, Mr. Dowdy and his counsel Cary Ichter, informed Debtor's counsel that Debtor's Board of Directors met and:

    i)  removed Mr. Patel as President of Debtor;

    ii)  appointed Mr. Dowdy as President of Debtor;

    iii)  issued an additional 1,500 shares of stock in Debtor; and

    iv)  sold the new shares of stock to Duke for $3.00 per share, or $4,500.

  i)  Also on February 19, 2021, Mr. Dowdy took or directed the following actions:

    i)  requested Oconee State Bank remove Mr. Patel as a signatory on Debtor's accounts;

    ii)  filed a corporate registration with the Georgia Secretary of State identifying new officers of the Debtor; and

    iii)  entered the Debtor's office at the hotel and removed financial records, privileged communications, and other property belonging to the Debtor.

9.  Upon information and belief, Mr. Dowdy also contacted United Community Bank and requested he replace Mr. Patel as signatory on the Debtor in Possession account.

**Appointment of a chapter 11 trustee**

10.  The United States Trustee seeks the appointment of a chapter 11 trustee to replace Debtor's current management. Section 1104(a) provides in pertinent part as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee–
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, . . . ;or

- 3 -

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

**A. Cause Exists for the Appointment of a Trustee**

11. Section 1104(a)(1) compels the appointment of a trustee when the Court finds fraud, dishonesty, incompetence, gross mismanagement, or other cause. *In re V Savino Oil & Heating Co.*, 99 B.R. 518, 525-26 (Bankr. E.D.N.Y. 1989).

12. The list of wrongs constituting "cause" is non-exclusive; thus "[f]actors relevant to the appointment of a trustee under § 1104(a)(1) include: conflicts of interest, including inappropriate relations between corporate parents and the subsidiaries; misuse of assets and funds; inadequate record keeping and reporting; various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence." *In re Altman*, 230 B.R. 6, 16 (Bankr. D. Conn. 1999), *aff'd in part, vacated in part*, 254 B.R. 509 (D. Conn. 2000).

13. As of the filing of this motion, it is unclear to the United States Trustee who the legal officers and directors of the Debtor are.

14. Mr. Dowdy has represented to third parties, including Debtor's financial institutions, that he is the legal president of the Debtor and is the individual with authority to act on Debtor's behalf.

15. The Debtor has alleged that Mr. Dowdy may have engaged in financial impropriety during the period he previously managed the Debtor, including that Mr. Dowdy failed to direct that approximately $300,000.00 of insurance proceeds received for damage at the Debtor's property be deposited into the Debtor in Possession bank account.

16. Mr. Dowdy's actions to stop the investigation into the Debtor's financial affairs and the allegations of financial impropriety during his prior period of management constitute cause under 11 U.S.C. § 1104(a)(1) for the appointment of a chapter 11 trustee.

**B. Appointment of a Trustee is in Best Interests of Creditors.**

17. The appointment of a trustee under section 1104(a)(2) employs a flexible approach which allows the Court to appoint a trustee when it would serve the best interests of the estate, its equity security holders and its creditors, even if there is no finding of fraud, dishonesty, incompetence, or gross mismanagement. *See In re Sharon Steel Corp.*, 871 F.2d 1217 (3d Cir. 1989). Courts examine whether the benefits of a trustee will outweigh the costs to the estate. *In re PDHC, LLC*, 2004 WL 5846712, at *3 (Bankr. N.D. Ga. April 28, 2004).

18. Under §1104(a)(2), courts look to the practical realities and necessities. *In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007). Under section 1104(a)(2), the Court should examine such factors as: (a) the trustworthiness of the debtor; (b) the prospects for rehabilitation of the debtor under present management; (c) the creditors' confidence, or lack thereof, in the present management; (d) the benefits of appointing a trustee balanced against the cost of appointment, and (e) whether the trustee could accomplish the goals of a chapter 11 plan more efficiently and effectively than the debtor in possession. *In re Ionosphere Clubs*, 113 B.R. 164, 167-168 (Bankr. S.D.N.Y. 1990), *see also, Savino Oil* 99 B.R. at 525 (section 1104(a)(2) determination entails exercise of discretionary powers).

19. Here, creditors and the bankruptcy case will benefit from the appointment of a chapter 11 trustee because all parties must have certainty as to who is responsible for managing the financial affairs of the Debtor as it moves toward filing its plan of reorganization.

20. Additionally, a chapter 11 trustee would be able to direct and complete the investigation into Mr. Dowdy's prior financial interactions with the Debtor, an investigation with which, to date, Mr. Dowdy has appeared to decline to cooperate, and which is necessary for creditors to have confidence in any plan of reorganization proposed by the Debtor.

WHEREFORE, the United States Trustee respectfully requests the Court enter an order directing the appointment of a chapter 11 trustee in this case and granting such other relief as is necessary and appropriate.

    NANCY J. GARGULA
    UNITED STATES TRUSTEE
    REGION 21

    By:     /s/
    Lindsay P. S. Kolba
    Georgia Bar No. 541621
    United States Department of Justice
    Office of the United States Trustee
    362 Richard Russell Building
    75 Ted Turner Drive, SW
    Atlanta, Georgia 30303
    (202) 360-7746
    lindsay.p.kolba@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *United States Trustee's Motion for an Order Directing the Appointment of a Chapter 11 Trustee* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

| | |
|---|---|
| Jonathan A Akins | jakins@swfllp.com |
| Shawn M. Christianson | schristianson@buchalter.com, cmcintire@buchalter.com |
| John A. Christy | jchristy@swfllp.com, amcrae@swfllp.com |
| David F. Cooper | dcooper@kkgpc.com |
| Edward F. Danowitz | edanowitz@danowitzlegal.com, kkropp@danowitzlegal.com |
| S. Nathaniel De Veaux | ndeveaux@kkgpc.com, kaaron@kkgpc.com |
| Evan Raymond Hanson | ehanson@danowitzlegal.com |
| Roy E. Manoll | kdd@fbglaw.com |
| James W. Martin | james@hpmlawatl.com, natalie@hpmlawatl.com |
| Daniel D. Sparks | ddsparks@csattorneys.com, dan-sparks-9722@ecf.pacerpro.com |
| Kevin A. Stine | kstine@bakerdonelson.com, mparris@bakerdonelson.com, kfurr@bakerdonelson.com |

I further certify that on this day, I caused a copy of this document to be served by e-mail on the following parties at the e-mail address shown for each.

Cary Ichter              cichter@ichter@ichterdavis.com
Wesley Dowdy             wesley.dowdy@dukehospitality.com

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

Thakorji, Inc.
c/o Hawthorne Suites by Wyndham
1659 Centennial Olympic Pkwy NE
Conyers, GA 30013-6547

*/s/*
Lindsay P. S. Kolba
Georgia Bar No. 541621
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(202) 360-7746
lindsay.p.kolba@usdoj.gov